104 F.3d 361
 79 A.F.T.R.2d 97-344, 97-1 USTC P 50,172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher MURLEY and Suz Ann Murley, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-1976.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Petitioners-appellants Christopher Murley and Suz Ann Murley[1] appeal the decision of the United States Tax Court denying them deductions on their federal income taxes for the years 1989 and 1990. They contend that the Tax Court erred in holding that $48,643.41 in payments to Mr. Murley's ex-wife, Ruthann Heffron, were not deductible as alimony pursuant to 26 U.S.C. §§ 215 and 71. For the reasons stated below, we affirm the Tax Court's decision.
 
 
 2
 * Murley and Heffron obtained a divorce in Ohio in 1989. In its judgment granting the divorce, the Ohio court incorporated a negotiated settlement dividing the marital property and obligations. J.A. at 48-49. The agreement provided that Murley would pay Heffron $10,000 over the course of two years as "alimony"; in addition, Murley would assume more than $70,000 in marital debts. Those debts included $21,060.31 owed to Murley's own business and $29,630.69 owed to Murley's mother. Murley's assumption of the debt was labeled "additional alimony" and designated to be nondischargeable in bankruptcy. Id. at 48-49.
 
 
 3
 Murley paid Heffron $4,000 in 1989 and $2,677 in 1990; Heffron reported only those payments as income on her 1989 and 1990 tax returns. J.A. at 50. Based both on those amounts and on his payments on the assumed debt, Murley claimed deductions for alimony payments in the amounts of $27,031 and $21,613 for those two years. Id. at 50. The Commissioner issued notices of deficiency to both Murley and Heffron, both of whom challenged the deficiencies in the Tax Court; the cases were consolidated on a motion by the Internal Revenue Service. After conducting a trial in which the Tax Court considered extrinsic evidence of the parties' intent in drafting the negotiated divorce settlement, the court concluded that Murley's assumption of the debts was a division of property and that payments on those debts therefore did not qualify for treatment as alimony, deductible from Murley's income and includible in Heffron's, under 26 U.S.C. §§ 71 and 215. Id. at 46-55. Murley appeals this decision. For the reasons discussed below, we affirm.
 
 II
 
 4
 This court reviews questions of law, including the Tax Court's interpretation of state law, de novo. See Conti v. Commissioner, 39 F.3d 658, 662 (6th Cir.1994), cert. denied, 115 S.Ct. 1793 (1995). Findings of fact will stand unless clearly erroneous. Id.
 
 
 5
 Section 215 of the Tax Code provides for special tax treatment of alimony payments only if such payments meet the standards set out in § 71. Federal law determines the federal income tax treatment of the property interests of divorcing parties, regardless of the fact that state law determines those interests themselves. Green v. Commissioner, 855 F.2d 289, 292 (6th Cir.1988).[2] The mere use of the word "alimony" does not affect the tax consequences of payments. See Sroufe v. Commissioner, 69 T.C.M. (CCH) 2870, 2874 (1995).
 
 
 6
 To be treated as alimony for federal tax purposes, payments must meet four requirements: (A) they must be received by or on behalf of a spouse under a divorce or separation agreement; (B) they must not be designated in the agreement as not subject to 26 U.S.C. §§ 71 and 215; (C) the payor spouse and payee spouse must not be members of the same household at the time of payment; and (D) there must be no liability to make payments after the death of the payee spouse. 26 U.S.C. § 71(b)(1)(A)-(D). Only the last requirement is at issue here, so this case is controlled by our decision in Hoover v. Commissioner, --- F.3d ---- (6th Cir.1996).[3]
 
 
 7
 Applying the approach we adopted in Hoover, this court looks first to the agreement itself. On its face, the settlement incorporated into the divorce judgment does not provide for termination of payments upon Heffron's death.[4] We therefore turn to state family law to determine whether it "saves" the settlement for § 71 purposes. We conclude that it does not. As we discussed in Hoover, which also involved Ohio law, the statutory definition of "alimony" in Ohio was ambiguous before 1991. See Hoover, --- F.3d ---- (6th Cir.1996). Prior to a 1991 statutory revision that differentiated between property division and support payments, "alimony" referred to both kinds of payment. Compare Ohio Rev. Code Ann. § 3105.15 (Anderson 1989) with Ohio Rev. Code Ann. §§ 3105.171, 3105.18 (Banks-Baldwin 1992). Because support payments would terminate upon the payee spouse's death and payments pursuant to a division of property would not, use of the term "alimony" did not conclusively determine whether payments would meet the requirement of § 71(b)(1)(D).
 
 
 8
 Because neither the divorce agreement nor then-applicable Ohio family law unambiguously provided for termination of the payments upon Heffron's death, we hold that the payments fail to qualify as "alimony" as defined in § 71(b) and therefore are not subject to special tax treatment under § 215. Although we come to the same ultimate result as the Tax Court, we reject an approach at entangles federal courts in matters of state contract law and in forays into extrinsic evidence to discern the intent of the parties. See Hoover, --- F.3d ---- (6th Cir.1996). For that reason, we need not address Murley's evidentiary challenges arising from the trial.
 
 
 9
 For the reasons stated above, we AFFIRM the decision of the Tax Court.
 
 
 
 [1]
 Suz Ann Murley is a party to this case only because she signed joint tax returns with Christopher Murley. She will not be mentioned hereafter; "Murley" will refer to Christopher Murley
 
 
 [2]
 Murley's contention that full faith and credit requires that the Tax Court honor the state court's characterization of the payments as "alimony" is therefore without merit--federal courts will determine whether payments meet a particular federal definition to qualify for special treatment under the Tax Code
 
 
 [3]
 Although, as we explained in Hoover, the wholesale revision of § 71 in 1984 changed the applicable analysis and the legislative history of the revision clearly indicated the congressional intent to eliminate subjective inquiries into local law and questions of intent, the parties to this appeal have continued to base their arguments on authorities established under the old law. See Hoover, --- F.3d ---- (6th Cir.1996), for a discussion of the revision and the underlying congressional intent
 
 
 [4]
 Contrary to Murley's contention, the mere use of the term "alimony" is not conclusive as to tax treatment; in fact, of its own force it has no effect on tax consequences. See Sroufe, 69 T.C.M. (CCH) at 2874